~AO 241                                                          ~ 0 .  3 6 0 Page 2 (Rev.12-04)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: 0f Delaware |
|---|---|

| Name (under which you were convicted) : Reginald Harris | Docket or Case No: |
|---|---|

| Place of Confinement : Delaware Department of Corrections | Prisoner No.: 00173086 |
|---|---|

| Petitioner(include the name under which you were convicted) custody of petitioner) | Respondent (authorized person having |
|---|---|
| Reginald Harris                        v. | Perry Phelps, Warden |

The Attorney General of the State of Delaware

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court of New Castle County, Delaware

    (b) Criminal docket or case number (if you know): 0402010364A

2.  (a) Date of the judgment of conviction (if you know): 09/29/2004

    (b) Date of sentencing: 12/17/2004

3.  Length of sentence: 80 years 3 months

4.  In this case, were you convicted on more than one count or of more than one crime?     ☒ Yes     ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Trafficking Cocaine 10-50 grm.;3 counts of Possession of a firearm during the

    commission of a felony; Possession with intent to deliver cocaine; Maintaining a vehicle;

    Possession of a non-narcotic controlled substance; Carring a concealed deadly weapon

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea



FILED
JUN 16 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

~AO 241
(Rev.12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count

or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

        ☒ Jury       ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ☐ Yes      ☒ No

8.   Did you appeal from the judgment of conviction?

        ☒ Yes      ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: Delaware Supreme Court, New Castle County

(b) Docket or case number (if you know): 557,2004

(c) Result:: Affirmed Superior Court Decision

(d) Date of result (if you know): August 15, 2005

(e) Citation to the case (if you know): 880 A. 2d 1047

(f) Grounds raised: (1). Superior Court improperly denied defendants' motion to suppress

evidence. (2). Superior Court improperly denied defendants' motion for a mistrial following a police

officers' improper reference to defendants' suppression in presence of the jury.

(g) Did you seek further review by a higher state court?   ☐ Yes    ☒ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

~AO 241
(Rev.12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or
motions concerning this judgment of conviction in any state court?    ☒ Yes   ☐ No

11    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Superior Court New Castle County, Delaware

(2) Docket or case number (if you know): 0402010364A

(3) Date of filing (if you know): July 07, 2006

(4) Nature of the proceeding: Motion For Post-conviction Relief

(5) Grounds raised: Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes        ☒ No

(7) Result: Summarily Dismissed

(8) Date of result (if you know): October 27, 2006

~AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give
    the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

~AO 241
Rev.12/04)

(6) Did you receive a hearing where evidence was given on your petition,

application, or motion?

☐ Yes        ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

| (1) First petition: | ☒ Yes | ☐ No |
| (2) Second petition: | ☐ Yes | ☐ No |
| (3) Third petition: | ☐ Yes | ☐ No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts  supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court  remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: Failure to properly give miranda warnings, 5th Amendment Claim**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): On the evening of Feburary 17, 2004 without questioning or any other introduction, officers approached, opened the door of defendants' vehicle, physically removed and placed defendant on the rear of the vehicle, handcuffed, patted him down, and then asked defendant "a" question. Statements made after receiving miranda, at the station, to be involuntary under the Due Process Criteria. Not provided "opportunity for full and fair, (evidentiary hearing ), litigation of claim".

(b) If you did not exhaust your state remedies on Ground One, explain why:

~AO 241                                                                                                        Page 7
(Rev. 12/04)

(c)    **Direct Appeal of Ground One:**
       (1) if you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes ☒ No

       (2) if you did not raise this issue in your direct appeal, explain why: attorney chose not to raise

       claim.

(d) **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state
       trial court?
              ☒ Yes    ☐ No
       (2) if your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition: Post-conviction

       Name and location of the court where the motion or petition was filed: Superior Court, New Castle

       County, Delaware.

       Docket or case number (if you know): 0402010364A

       Date of the court's decision: August 22, 2006

       Result (attach a copy of the court's opinion or order, if available): Summarily Dismissed

       (3) Did you receive a hearing on your motion or petition?                              ☐ Yes      ☒ No
       (4) Did you appeal from the denial of your motion or petition?                         ☒ Yes      ☐ No
       (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal  ☒ Yes      ☐ No
       (6) If your answer to Question (d) (4) is "Yes," state:

       Name and location of the court where the appeal was filed: Delaware Supreme Court

       Docket or case number (if you know): 507,2006

       Date of the court's decision: January 31, 2008

       Result (attach a copy of the court's opinion or order, if available): Affirmed

       (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

### GROUND TWO: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel did not conduct a thorough investigation of facts surrounding the charges and possible defenses. Counsel failed to adequately prepare for trial. Counsel did not conduct an independent investigation of the events before, during or after the arrest. As a result of this inadequate trial preparation, counsel had no theory of defense, that she was unprepared for effective cross exsmination, and filed inadequated pretrial motions. Counsel did not interview any of the states witnesses. Counsels failure to interview witnesses deprived him of the opportunity of making an informed assessment of the strenghts and weaknesses of the states case without attempting to ascertain specifically what the testimony of the states witnesses would be. In general, counsel's ability to cross-examine the states witnesses effectively was seriously compromised by his failure to interview them, since he would have little idea as to the specific areas of testimony which could be challenged. This was well demonstrated when counsel did not have any knowledge of the 911 tape that was presented at the suppression hearing on June 18, 2004.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: can not be raised on direct appeal

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: Post-conviction

Name and location of the court where the motion or petition was filed: Superior Court, New Castle County, Delaware

Docket or case number (if you know): 0402010364A

Date of the court's decision: August 22, 2006

--AO 241
(Rev 12/04)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 507, 2006

Date of the court's decision: Janurary31, 2008

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** Ineffective Assistance of Counsel/ Violation of double jeopardy.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel did not address defendant being charged three times with possession of a firearm during the commission of a felony, in the same indictment. It was one incident, only one firearm, all taking place at the same time and place, with no victim involved. Originally only being indicted on one count.

~AO 241
(Rev. 12/04)

Page 10

(b)  If you did not exhaust your state remedies on Ground Three, explain why?

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) (f you did not raise this issue in your direct appeal, explain why: *Attorney chose not to raise claim.*

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Post-conviction*

Name and location of the court where the motion or petition was filed: *Superior Court, New Castle County, Delaware.*

Docket or case number (if you know): *0402010364A*

Date of the court's decision: *August 22, 2006*

Result (attach a copy of the court's opinion or order, if available): *Summarily Dismissed*

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Delaware Supreme Court.*

Docket or case number (if you know): *507, 2006*

Date of the court's decision: *January 31, 2008*

Result (attach a copy of the court's opinion or order, if available): *Affirmed Superior Courts Decision*

~AO 241
(Rev.12/04)

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)       **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used exhaust your state remedies on Ground Three:

**GROUND FOUR:** *Conviction based on perjured testimony/Ineffective Assistance.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *The State lied about contents*
*of Anonymous tip, which initiated encounter with defendant + police, causing an arrest + conviction.*
(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)       **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue          ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *Attorney chose not to raise claim.*

(d)       **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Post - Conviction*

~AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed: *Superior Court, New Castle County, Delaware.*

Docket or case number (if you know): *0402010364A*

Date of the court's decision: *August 22, 2006*

Result (attach a copy of the court's opinion or order, if available): *Summarily Dismissed*

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition?                          ☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Delaware Supreme Court.*

Docket or case number (if you know): *507, 2006*

Date of the court's decision: *January 31, 2008*

Result (attach a copy of the court's opinion or order, if available): *Affirmed Superior Court's decision*

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:


(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
         have used to exhaust your state remedies on Ground Four:

~AO 241
(Rev.12/04)

Page 13

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

#14.    United States District Court for The District of Delaware
Civ. A. No.  06-430-SLR

2254  Habeas Corpus Petition.

On the 21st day of August, 2006, Petitioners
§ 2254 application was Dismissed Without Prejudice
for Failure to exhaust State remedies.

~AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  *NONE*

(b) At arraignment and plea:

(c) At trial: *Kathryn Van Amerongen: Carvel State Office Building 820 North French Street, Third Flr. Wilmington, Delaware 19801*

(d) At sentencing: *" Same "*

(e) On appeal: *" Same "*

(f) In any post-conviction proceeding:  *Pro se*

(g) On appeal from any ruling against you in a post-conviction proceeding: *Pro se*

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in \part that:

    (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of.

        (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for     seeking such review;

        (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)          The time during which a properly filed application for State post-conviction or other collateral
            review with respect to the pertinent judgment or claim is pending shall not be counted
            toward any period oflimitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:reverse and vacate, or evidentiary

hearing at best,

or any other relief to which petitioner may be entitled.

_____

                                                    Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition

for

Writ of Habeas Corpus was placed in the prison mailing system on          (month, date, year). July    5 2008

Executed (signed) on          (date).

                   June 13, 2008

                                                    _____

                                                    Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this

petition.

## IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

\*\*\*\*\*



IM: _Reginald Harris_
SB# _173080_ UNIT _V_
**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**

UNITED STATES POSTAGE
$ 02.87⁰
02 1A
0004638?5   JUN 14 2008
MAILED FROM ZIP CODE 19977

U.S.M.
X-RAY

Office of the Clerk
United States District Court
84
W _____
                           19801-3570

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| REGINALD L. HARRIS, | § |
| | § |
| Defendant Below- | § No. 507, 2006 |
| Appellant, | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| STATE OF DELAWARE, | § in and for New Castle County |
| | § Cr. ID 0402010364A |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted:  November 9, 2007
Decided:  January 31, 2008

Before **STEELE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## O R D E R

This 31st day of January 2008, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)   The appellant, Reginald Harris, filed this appeal from the Superior Court's denial of his first petition for postconviction relief. On November 30, 2006, we remanded the matter to the Superior Court for further proceedings. The case has been returned from remand. We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2)   The record reflects that Harris was tried before a Superior Court jury in May 2004 on multiple drug and weapon offenses. The record at trial established that multiple police vehicles arrived at a residence in

Wilmington in response to a call about gunshots being fired. Upon arriving at the scene, police vehicles parked in a manner that blocked Harris' red Suzuki in its parking spot. While investigating the shooting, police received report of an anonymous tip that the driver of a red Suzuki was involved in the shooting and drug-dealing. The officers then asked Harris to step out of his vehicle and whether he was carrying any weapons. Harris responded that he was carrying a firearm. Harris was patted down and a gun was recovered. Police arrested him for carrying a concealed deadly weapon. Officers conducted a further search incident to his arrest and found drugs, paraphernalia, and a large amount of cash. The jury convicted Harris of several drug offenses, including trafficking in cocaine, as well as three weapon-related offenses.

(3)    On direct appeal, Harris argued that the trial court erred in denying his motion to suppress the evidence seized by police because there was no reasonable suspicion to search. Harris also argued that the trial court erred in denying his motion for a mistrial because an officer improperly mentioned the suppression hearing while on the witness stand. We rejected Harris' arguments and affirmed his convictions and sentence on direct appeal.[1]

---

[1] *Harris v. State*, 2005 WL 2219212 (Del. Aug. 15, 2005).

(4)   Harris filed his first petition for postconviction relief in July 2006, asserting various claims of ineffective assistance of counsel. The Superior Court denied the motion. After filing his notice of appeal, Harris asked that the matter be remanded to the Superior Court for its consideration of his amended petition for postconviction relief. We remanded the matter and retained jurisdiction. After considering the amended petition and trial counsel's affidavit, the Superior Court denied Harris' amended petition. The matter was returned from remand and is now before us for decision.

(5)   Harris raises two claims in his opening brief on appeal. First, he contends that the Superior Court erred in denying his request for transcript at State expense. Second, Harris asserts that the Superior Court erred in rejecting his claims of ineffective assistance of counsel. We review the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[2]

(6)   To prove his claims of ineffective assistance of counsel, Harris was required to establish: (a) that his defense counsel's representation fell below an objective standard of reasonableness; and (b) that, but for counsel's unprofessional errors, there is a reasonable probability that the

---

[2] *Outten v. State*, 720 A.2d 547, 551 (Del. 1998).

3

outcome of the case would have been different.[3]    There is a strong presumption that counsel's conduct was professionally reasonable.[4]

(7)    Harris alleges that his trial counsel was ineffective for failing to conduct any pretrial investigation and for failing to request pretrial discovery.[5] The gist of Harris' claims is that his trial counsel failed to properly investigate, or request discovery regarding, the anonymous 911 call and failed to object to testimony at trial about the 911 call. There is no merit to these claims. This Court previously held on appeal that there was no basis to suppress evidence received as a result of the officers acting on the information provided by the anonymous tipster.[6]    Under these circumstances, Harris can establish neither cause nor prejudice.[7] Accordingly, we find that the Superior Court did not abuse its discretion in denying Harris' motion for postconviction relief.

(8)    Furthermore, we find no abuse of discretion in the Superior Court's denial of Harris' request for transcript at State expense. Although an

---

[3] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[4] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[5] To the extent Harris raised other grounds of ineffective assistance below, he waived those claims by failing to brief them on appeal. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[6] *Harris v. State*, 2005 WL 2219212, at *2.

[7] *See Strickland v. Washington*, 466 U.S. at 688.

indigent defendant is entitled to free transcripts to pursue a direct appeal,[8] there is no such right to free transcript to pursue a postconviction motion, absent a showing of just cause.[9] Given the nature of Harris' postconviction claims, we find no just cause in this case, and thus find no abuse of discretion in the Superior Court's denial of Harris's motion for transcript at State expense.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Chief Justice

---

[8] *Griffin v. Illinois*, 351 U.S. 12, 19 (1956).

[9] *United States v. MacCollum*, 426 U.S. 317, 325-26 (1976).

5