IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGINALD HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-360-SLR |
| | ) | |
| PERRY PHELPS, Warden, | ) | |
| and JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Reginald Harris. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

September 25 , 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is petitioner Reginald Harris' ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (D.I. 1; D.I. 8)  Petitioner is a Delaware inmate in custody at the James T. Vaughn Correctional Center.  For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 2004, Wilmington police arrived at a residence in Wilmington in response to a call about gunshots being fired.  Upon arriving at the scene, police vehicles were parked in a manner blocking petitioner's red Suzuki in its parking spot. While investigating the shooting, police received a report of an anonymous tip that the driver of a red Suzuki was involved in the shooting and drug dealing.  The officers asked petitioner to step out of his vehicle and asked if he was carrying any weapons. Petitioner replied that he was carrying a firearm.  Police patted petitioner down, recovered a gun, and then arrested him for carrying a concealed deadly weapon. Officers conducted a further search incident to his arrest and found drugs, paraphernalia, and a large amount of cash.  Police transported petitioner to the police station and issued *Miranda* warnings.  Petitioner stated that the marijuana was for personal use, and that he had just purchased the crack cocaine for re-sale. Subsequently, the police searched petitioner's vehicle and found a second scale on the floor of the front passenger seat.  (D.I. 18); *Harris v. State*, 947 A.2d 1121 (Table), 2008 WL 313773 (Del. Jan. 31, 2008).

1

On March 22, 2004, the grand jury indicted petitioner on the following charges: trafficking in cocaine; possession of a firearm during the commission of a felony; possession of a deadly weapon by a person prohibited; use of a vehicle for keeping controlled substances; possession of drug paraphernalia; and possession of marijuana. On May 17, 2004, the grand jury re-indicted petitioner on the original charges, and added three more charges: possession with intent to distribute cocaine; carrying a concealed deadly weapon; and two additional counts of possession of a firearm during the commission of a felony. *Id.*

Petitioner filed a motion to suppress the drugs and weapon that police seized from him. The Superior Court conducted a hearing and denied the motion. A jury trial commenced in September 2004 on all charges except possession of a deadly weapon by a person prohibited. The jury found petitioner guilty of the remaining charges. After trial, the State dismissed the charge of possession of drug paraphernalia as well as the possession of a deadly weapon by a person prohibited. The Superior Court sentenced petitioner as an habitual offender to a total of eighty years and three months. Petitioner filed an appeal, and the Delaware Supreme Court affirmed the Superior Court's judgment. *Harris v. State*, 2005 WL 2219212 (Del. Aug. 15, 2005).

In July 2006, petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). Around the same time, petitioner filed in this court an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a motion to stay the application pending resolution of his state post-conviction proceeding. This court dismissed the application without prejudice for failure to exhaust state remedies. *Harris v. Carroll*, Civ. Act. No.

06-430-SLR (D. Del. Aug. 21, 2006).

The Superior Court summarily dismissed petitioner's Rule 61 motion. Petitioner appealed and asked that the matter be remanded to the Superior Court for its consideration of an amended Rule 61 motion. On November 30, 2006, the Delaware Supreme Court remanded the matter for consideration of the merits and defense counsel's responses. On June 5, 2007, the Superior Court denied petitioner's amended Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *Harris v. State*, 2008 WL 313773 (Del. Jan. 31, 2008).

Petitioner timely filed the instant application in this court. The State filed an answer, arguing that two claims in the application do not warrant relief under 28 U.S.C. § 2254(d) and two claims are procedurally barred from federal habeas review.

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One pre-requisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct

3

appeal or in a post-conviction proceeding, and in a procedural manner permitting the

state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365

(1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d

506, 513 (3d Cir. 1997). If the petitioner presents a habeas claim to the state's highest

court, but that court "clearly and expressly" refuses to review the merits of the claim due

to an independent and adequate state procedural rule, the claim is exhausted but

procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991)*; Harris

v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless

the petitioner demonstrates either cause for the procedural default and actual prejudice

resulting therefrom, or that a fundamental miscarriage of justice will result if the court

does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999);

*Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992).

To demonstrate cause for a procedural default, the petitioner must show that "some

objective factor external to the defense impeded counsel's efforts to comply with the

State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate

actual prejudice, the petitioner must show that the errors during his trial created more

than a possibility of prejudice; he must show that the errors worked to his actual and

substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has

probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at

4

496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B. Standard of Review

If the state's highest court has adjudicated a federal habeas claim on the merits, then a federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *Williams v. Taylor*, 529

5

U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

AEDPA also requires a federal court to presume that a state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). A petitioner can only rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

Petitioner presents four claims in his application: (1) his statement to the police should have been suppressed because he did not receive a *Miranda* warning; (2) defense counsel provided ineffective assistance by failing to prepare for trial, conduct an investigation, or interview prosecution witnesses; (3) his three convictions for possession of a firearm during the commission of a felony amount to double jeopardy, and his counsel was ineffective for not raising this issue; and (4) defense counsel was ineffective for failing to show that his conviction was based on perjured testimony provided by the State regarding the contents of the anonymous tip.[1]

### A. Claims One and Three are Procedurally Barred

The record reveals that petitioner did not present claims one and three to the

---

[1]Although petitioner filed an amended application, the two claims raised therein provide supplemental information regarding claim four and do not constitute new independent claims. (D.I. 8) Therefore, the court will consider the contents of those arguments in its review of claim four.

Delaware Supreme Court in his direct appeal. And, although petitioner asserts

otherwise, the record also reveals that petitioner did not present these two claims to the

Delaware Supreme Court on post-conviction appeal.[2] Therefore, petitioner has not

exhausted state remedies for claims one and three.

At this juncture, Delaware Superior Court Criminal Rules 61(i)(2) and (3) would

bar petitioner from presenting these claims in new Rule 61 motion.[3] Consequently,

---

[2]Claim one asserts that the police failed to advise petitioner of his *Miranda* rights before they removed petitioner from his car, patted him down, and asked him a question, thereby rendering involuntary all the statements he made after hearing his *Miranda* rights at the police station. In his Reply, petitioner contends that he raised the instant *Miranda* claim on post-conviction appeal. The record belies this assertion. On post-conviction appeal following the remand of his Rule 61 motion to the Superior Court, petitioner raised two claims: (1) he was denied the right to an effective and adequate post-conviction appeal due to the deliberate withholding of his trial transcript; and (2) defense counsel provided ineffective assistance by failing to file any pretrial discovery requests or conducting any pretrial investigation. In describing defense counsel's allegedly deficient performance, petitioner argued that counsel failed to contest the veracity of the testimony provided by the police because she failed to address the fact that he was not read his *Miranda* rights until he reached the police station. (D.I. 16, Appellant's Op. Supp. Memorandum in *Harris v. State*, No.507,2006, at p. 6) However, contrary to petitioner's belief, raising the issue of the *Miranda* warning as a basis for his ineffective assistance of counsel claim did not satisfy the exhaustion requirement with respect to the underlying *Miranda* claim. *See Senk v. Zimmerman*, 886 F.2d 611, 614 (3d Cir. 1987); *Rodgers v. Diguglielmo*, 2009 WL 704343, at *4 (E.D. Pa. Mar. 17, 2009)(collecting cases). As for claim three, neither the opening supplemental memorandum nor the reply supplemental memorandum filed in petitioner's post-conviction appeal raise the substantive double jeopardy argument or the ineffective assistance of counsel claim based on the double jeopardy argument. (D.I. 16) Therefore, claims one and three are unexhausted.

[3]Delaware Superior Court Criminal Rule 61(i)(2) would bar petitioner from presenting the claims in a new Rule 61 motion because he did not raise the claims in his first Rule 61 motion. *See Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior proceeding). Rule 61(i)(3) would bar these claims because they were not raised on direct appeal. *See Bright v. Snyder*, 218 F. Supp. 2d 573, 580 (D. Del. 2002)(Rule 61(i)(3) would bar the Superior Court from considering the claim because the petitioner did not raise the claim in the proceedings leading to his conviction).

claims one and three are deemed exhausted but procedurally defaulted, and the court cannot review the merits of the two claims unless petitioner demonstrates cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result absent such review.

Petitioner points to defense counsel's failure to include claims one and three on direct appeal as cause for his procedural default. However, petitioner never presented a claim regarding defense counsel's failure to raise these claims to the Delaware Supreme Court in his post-conviction appeal, and further state court review of any such allegation would be barred by Rule 61(i)(2).[4]  *See Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453-54 (D. Del. 1998).  As a result, petitioner's allegation regarding defense counsel's ineffective assistance with respect to claims one and three is itself procedurally defaulted[5] and cannot constitute cause for petitioner's procedural default of the claims. *Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000);  *Tome v. Stickman*, 2006 WL 358771, at *4 (3d Cir. Feb. 16, 2006).

In the absence of cause, the court does not need to address the issue of prejudice.  Additionally, the miscarriage of justice exception to the procedural default doctrine does not excuse petitioner's default because he has not provided new reliable evidence of his actual innocence.  Accordingly, the court will dismiss claims one and

---

[4]Rule 61(i)(2) bars "[a]ny ground for relief that was not asserted in a prior postconviction proceeding."

[5]Petitioner has not demonstrated any reason why the state courts would excuse the bar of Rule 61(i)(2). *See Lawrie*, 9 F. Supp. 2d at 453-54.

8

three as procedurally barred.

### B. Claims Two and Four Do Not Warrant Relief Under § 2254(d)

To reiterate, the police were investigating a shooting in Wilmington when they received an anonymous 911 call alerting them that a man seated in a red Suzuki outside the residence was involved in the shooting. The man in question was petitioner, and his vehicle was blocked in by police cars responding to the shooting report. This anonymous 911 tip led to petitioner's detention and the subsequent discovery of drugs and weapons. Petitioner, however, was not charged in connection to the shooting.

In claim two, petitioner alleges that he received ineffective assistance because his attorney failed to prepare for trial, conduct an investigation, interview prosecution witnesses, or challenge the reliability of the anonymous 911 tip. In claim four, petitioner asserts that counsel provided ineffective assistance by failing to show that his conviction was based on perjured testimony provided by the State regarding the contents of the anonymous 911 tip. More specifically, petitioner contends that the State (presumably, the police officers) lied when they testified that the anonymous caller stated that "the person in the red Suzuki **is involved** in what you are investigating," because the tape of the 911 reveals that the caller actually stated that "the person in the red Suzuki **might possibly** have something to do with what you are investigating," and also that "he is involved in drugs and he's involved in shootings in the area." (D.I. 20, at p.1) Petitioner's complaint appears to be that the caller never said that petitioner was involved "in that specific or particular shooting incident or any present criminal

9

activity at all." *Id*.

Petitioner presented these allegations to the Delaware Supreme Court on post-conviction appeal after remand, and the Delaware Supreme Court denied them as meritless. Therefore, the court can only grant habeas relief if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Federal law.

The "clearly established [f]ederal law" which governs ineffective assistance of counsel claims is the two-pronged standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error[s] the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

As an initial matter, the court notes that the Delaware Supreme Court correctly identified the *Strickland* standard and analyzed the instant ineffective assistance of counsel allegations within its framework. Therefore, the Delaware Supreme Court's

10

denial of petitioner's two ineffective assistance of counsel claims was not contrary to clearly established Supreme Court precedent. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court must also determine whether the Delaware State Courts reasonably applied the *Strickland* standard in denying petitioner's assertions regarding counsel's performance. In petitioner's case, the Delaware Supreme Court characterized petitioner's ineffective assistance of counsel claims on post-conviction appeal as alleging that "his trial counsel failed to properly investigate, or request discovery regarding, the anonymous 911 call." *Harris*, 2008 WL 313773, at *2. The State Supreme Court then affirmed the Superior Court's denial of petitioner's ineffective assistance of counsel claims because it had "previously held on appeal that there was no basis to suppress evidence received as a result of the officers acting on the information provided by the anonymous tipster. Under these circumstances, [petitioner] can establish neither cause nor prejudice."[6] *Harris*, 2008 WL 313773, at *2.

---

[6]On direct appeal, the Delaware Supreme Court denied petitioner's argument that the anonymous tip did not provide enough reasonable suspicion for the police to detain him. Specifically, the Delaware Supreme Court opined that

the officers observed bullet holes in the walls [of the residence] as well as cartridges and live rounds on the floor. Because it is illegal to discharge a firearm in the City of Wilmington, it was clear that a crime had taken place. Since the anonymous caller had provided information that [petitioner] was involved in a crime that had already been verified as having just occurred, the officers had a reasonable and articulable suspicion necessary to detain [petitioner] outside of his car for questioning. Because the officers were already investigating the nearby shooting, they also had a basis to conduct a *Terry*

11

After reviewing the record, the court concludes that the Delaware Supreme Court did not unreasonably apply *Strickland* in denying the instant claims. To begin, in the absence of clear and convincing evidence to the contrary, the court accepts as correct the Superior Court's factual finding that defense counsel actually did argue during the suppression hearing that the anonymous 911 in question lacked the requisite specificity to be relied upon by the police who did not agree; the trial judge simply disagreed with counsel's argument. *See Harris v. State*, ID No. 0402010364, Toliver, J., Letter Order, p. 3  (Del. Super. Ct. June 5, 2007); 28 U.S.C. § 2254(e)(1).   Accordingly, the Delaware Supreme Court did not unreasonably apply *Strickland* in denying this factually baseless portion of claim two.

In turn, as counsel explained in her Rule 61 affidavits filed during petitioner's Rule 61 proceeding, she had no reason to visit the crime scene because petitioner had been cleared of any involvement in the shooting.  In other words, her failure to investigate or call witnesses regarding the shooting would have been meaningless because petitioner was not involved in that shooting, and any testimony these witnesses could have provided would not have concerned the charges for which he was on trial, namely, possession of drugs and a firearm.  Given the Delaware Supreme Court's decision on direct appeal that the search and seizure of petitioner was

---

search for weapons.  Once [petitioner] disclosed that he was in possession of a firearm, the officers could conduct a search of [petitioner's] person and passenger compartments of his vehicle incident to this lawful arrest for carrying a concealed weapon.

*Harris*, 2005 WL 2219212, at *2.

12

constitutional, petitioner cannot demonstrate any prejudice resulting from counsel's failure to investigate or interview witnesses that had no connection to the charges for which petitioner was on trial.

Finally, the record belies petitioner's contention that the police testimony regarding the 911 tape constituted perjury. For instance, Corporal Donald Witte testified during the trial that he was told that petitioner was "a subject **possibly** involved" in the shooting, and not, as petitioner contends, that petitioner was a subject who was definitely involved in the shooting. (D.I. 16, App. to Appellant's Op. Br. in *Harris v. State*, No.557,2004, at A-18) Moreover, the transcript of the suppression hearing reveals that defense counsel thoroughly cross-examined Corporal Gifford regarding his recollection of what he was told about the 911 call on the day of petitioner's arrest. Defense counsel also successfully requested that the 911 tape be played during the hearing. *Id.* at A-16 to A-17. The fact that the trial judge denied the suppression after hearing the 911 tape indicates that any discrepancy between Gifford's recollection and the actual statement was irrelevant. Thus, because there simply was no perjury, petitioner is unable to demonstrate that defense counsel's handling of the police testimony prejudiced him.

For all of these reasons, the court concludes that the Delaware Supreme Court did not unreasonably apply *Strickland* in denying claims two and four. Accordingly, the court will deny the claims for failing to satisfy § 2254(d).

## C. Pending Motions

Petitioner has filed a motion to amend his application, a motion to compel the

13

State to produce a transcript of the recorded 911 call, and a motion for an extension of time to file a reply to the State's answer. (D.I. 17; D.I. 19)  The court, however, will deny all three motions as moot.  First, petitioner filed an amended application simultaneously with his motion to amend, and the court has considered the amendment in its review.  Second, there is no good cause for granting the motion to compel, because the record filed by the State provided sufficient information for the court to review petitioner's pending application, and the 911 transcript would not support the claims raised therein. *See* Rule 6(a)(b), 28 U.S.C. foll. § 2254;  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)(good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.");  *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994)(a petitioner establishes"good cause" by "point[ing] to specific evidence that might be discovered that would support a constitutional claim.").   And finally, the motion for an extension of time to file a reply is moot because petitioner filed a reply to State's answer, which the court considered in its review of the application.

## V.  CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2008).  The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

15